IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORENZO LEVELLE BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-152 |
| | ) | |
| AUGUSTA STATE MEDICAL PRISON | ) | |
| DENTAL DEPARTMENT; MR. CONLEY, | ) | |
| Warden; MR. SHEPHARD, Warden; and | ) | |
| MR. BROWN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Hays State Prison ("HSP") in Trion, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    Background**

Plaintiff names the following Defendants: (1) Augusta State Medical Prison ("ASMP") Dental Department; (2) Mr. Conley, former Warden at ASMP; (3) Mr. Shephard, former Warden at ASMP; and (4) Mr. Brown, former Warden at ASMP. (Doc. no. 1, pp. 1, 4.) Taking all of

Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In January of 2016, prison officials at HSP sent Plaintiff to ASMP to obtain treatment for mental and physical injuries incurred as the result of a prison rape. (Id. at 6.) However, Plaintiff's rape was not treated as an emergency, and he had to wait several weeks to obtain treatment. (Id.) The "Dental Department" at ASMP took an x-ray of Plaintiff's jaw on January 26, 2016, but did not show the x-ray to Plaintiff. (Id.) Plaintiff "walked around with a broken jaw hinge. A big fracture on left bottom side. [and] [His] bottom teeth and gums were separated." (Id.) He could not chew anything for two to three weeks because of his dental issues. (Id.)

Plaintiff has also included with his filings in this case attachments that appear to have come from a case he has pending in the Rome Division of the Northern District of Georgia. (Id. at 5, 8 (citing Bradley v. Crickmar, 4:17-CV-0193-HLM-WEJ (N.D. Ga. Aug. 18, 2017)); see also doc. no. 4-2.)

### B. Discussion

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Pleading Deficiencies in Plaintiff's Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff must describe how each individual participated in any alleged constitutional violation. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law). Plaintiff never mentions three of the four named Defendants in his statement of claim. Moreover, based on the titles of these three Defendants who were not mentioned, they appear to be individuals with supervisory authority at ASMP, but "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).

As to the one Defendant mentioned by name in the statement of claim, Plaintiff fails to explain how or why the collective entity of the "Dental Department" at ASMP can be liable for any allegedly improper actions of a specific person – presumably the person who took the x-ray of Plaintiff's jaw but did not provide immediate dental treatment.

### C. Leave to Amend Complaint

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

5

amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading, either from this case or any other case pending before a different court, shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no

response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 2nd day of February, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA